SHEVLIN vs. WHELEN and others, imp.

LOG-LIEN LAW. *(1, 2) Effect of forming new county out of one to which the law extended. When right to lien vests.*

BOND: ESTOPPEL. *(3, 4) Log-owner not estopped to deny lien by giving statutory undertaking.*

1. The remedy by lien upon logs for labor performed upon or about them, given by statute in Chippewa and certain other counties, had no application to Taylor county prior to ch. 32 of 1876, although that county consists mainly of territory detached from several counties in which such remedy previously existed; the act organizing said county not extending such lien law to it.

2. The act including in Taylor county territory formerly belonging to Chippewa, had the same effect as a repeal of the lien law in respect to that territory; and where no steps had previously been taken, by petition, etc., to perfect a lien upon logs cut in such territory, no right to a lien had vested, and no lien could be created or enforced.

3. Where an attachment is void, a bond given to procure a discharge therefrom is also void.

4. Where, therefore, logs not subject to a lien in fact, were attached under color of said lien law, and the owner obtained possession of them by executing and delivering to the sheriff the undertaking prescribed by the act, he is *not estopped* from denying the validity of the lien. *Dierolf v. Winterfield,* 24 Wis., 143, distinguished.

APPEAL from the Circuit Court for *Taylor* County.

Between November 1, 1874, and April 1, 1875, the plaintiff and several other persons named in the complaint performed

labor on logs for the defendant Edminster. The claims of all the other laborers had been assigned to the plaintiff before the commencement of this action. The labor was done on sec. 4, town 32 north, range 1 east. This section formed a part of Chippewa county until March 25, 1875, when it became a part of Taylor county. Plaintiff and his assignors filed petitions for liens upon the logs in the latter county; the assignments of the liens to the plaintiff were also filed in that county; and this suit to enforce such liens was commenced there. After the logs were seized under the log-lien attachment, the defendants *McCartney* and *Whelen* obtained possession of them from the sheriff by executing the bond for that purpose, prescribed by statute.

The circuit court held that plaintiff's claims were liens upon the logs, and that defendants *McCartney* and *Whelen* were estopped by their bond from denying that such claims were liens; and it rendered judgment for the plaintiff accordingly. Defendants *Whelen, McCartney* and *Roberts* appealed from the judgment.

For the appellants, a brief was filed signed by *Felker & Weisbrod,* and by *Charles Barber,* of counsel, and the cause was argued orally by *Mr. Barber:*

1. When Taylor county became a separate body politic, no laws were in force therein except the general laws of the state. Laws of 1875, ch. 178, sec. 2; Tay. Stats., 291, § 2; *Hamilton County v. Mighels,* 7 Ohio St., 109–119. The remedy for labor upon logs by lien is summary in its nature, and purely statutory; and the statute must be strictly construed. *Souter v. The Sea Witch,* 1 Cal., 164; *Wilkie v. Jones,* 1 Morr. (Iowa), 97; *Yancey v. Hankins,* Minor (Ala.), 171; *Esterley's Appeal,* 54 Pa. St., 192. 2. If the plaintiff had any lien for that portion of his services performed in Chippewa county, his petition should have been filed in that county, and the circuit court of that county alone had jurisdiction to enforce the lien. *People v. McGuire,* 32 Cal., 140; *West's Appeal,* 5 Watts, 87. 3. The

annexation of section 4, town 32, to Taylor county, operated as a repeal of the lien law, so far as that section is concerned; and plaintiff's rights under the law fell with it, no steps having been taken by virtue of which they became vested rights. *Butler v. Palmer*, 1 Hill, 324; *Bailey v. Mason*, 4 Minn., 546. 4. The bond given to obtain a release of the defendants' property, not being voluntary, does not estop them from questioning plaintiff's right to a lien. *Vose v. Cockcroft*, 44 N. Y., 420; *Homan v. Brinckerhoff*, 1 Denio, 184; *In re Faulkner*, 4 Hill, 598. Besides, the bond merely binds them to pay the amount of the claims in case they are adjudged to be a lien.

For the respondent, a brief was filed signed by *Browne & Bump* and *J. K. Parish*, and there was oral argument by *E. L. Browne:*

1. The plaintiff had a lien under the general statute (Tay. Stats., 1766, § 19). *Paine v. Gill*, 13 Wis., 561; *Paine v. Woodworth*, 15 id., 298. He could also bring suits on the claims assigned to him, under Tay. Stats., 1764, § 7. 2. There was also a special lien law in force in Taylor county. Ch. 186 of 1861 gave a special lien in Chippewa county; ch. 517 of 1865 gave such a lien in Clark county; ch. 66 of 1866 gave a like lien in Marathon county. Lincoln county was taken from Marathon, and carried with it the lien law of the latter. Taylor county was formed out of territory belonging to the four counties above named, and carried with it the special lien law which was common to those counties. Making two counties out of one would not change the rights of parties to the liens, under the law relating to the county before the division. Changing, from Chippewa to Taylor, the name of certain sections of land where the work was performed (mostly before such change), cannot divest the parties of their rights. The forum where the remedy must be enforced, was changed, but not the right or remedy. Such was not the purpose of the law organizing Taylor county. If the legislature had such

right, the court should not hold it to have been done by implication, in the absence of an express statute. 3. If, in the case of an ordinary attachment, all the grounds therefor stated in the plaintiff's affidavit are held to be admitted by the defendants upon their executing the statutory undertaking to relieve the property from the attachment, so that there is no issue thereafter to be tried on their traverse of the attachment (24 Wis., 143; 2 Wait's Pr., 190), why are not the grounds of the attachment in this case admitted for the same reason? One of those grounds was, the fact that plaintiff had a lien upon the logs. The undertaking executed by the appellants is conditioned to pay the judgment obtained in the case; and the plaintiff was certainly entitled to a judgment for the amount of his claim, even if he had no lien upon the logs. That amount the appellants agreed to pay in consideration of the release of the logs. 4. Ch. 32 of 1876 gives validity to the lien proceedings in this cause, if they were previously defective. The statute is remedial, and the legislature had authority to cure any defects relating to the remedy or proceedings to secure the lien, which previously existed. *Paine v. Gill* and *Paine v. Woodworth, supra; Von Baumbach v. Bade,* 9 Wis., 559; *Hasbrouck v. Milwaukee,* 13 id., 50; *Selsby v. Redlon,* 19 id., 17; *Klaus v. Green Bay,* 34 id., 628, and cases there cited by counsel for respondents.

COLE, J. The court below found, and it is a conceded fact in the case, that the logs upon which a lien was claimed were cut upon land which was situated in Chippewa county until the county of Taylor was organized by chapter 178, Laws of 1875, when it became a part of the territory included in the latter county. The court likewise found, and the fact is admitted, that a portion of the labor upon the logs was performed before and a portion after Taylor county was organized, and that, at the time the petitions for liens were filed and this action was commenced, the logs were in Taylor county. The

counsel for the appellants insists that it results from these facts, that, at the time of the filing of the petitions for liens and the commencement of this action, there was no law creating a lien on logs or giving a remedy for enforcing a lien in Taylor county. This position of counsel seems to us correct, and is decisive of the appeal. This remedy is purely statutory, and is only given in certain counties named in the various statutes relating to that subject. See Tay. Stats., § 25, ch. 153, and ch. 186, Laws of 1861. The act organizing Taylor county does not profess to extend these lien laws to that county, but only provides that the county is "erected and established with all the rights, powers and privileges by law granted to other counties of this state, and subject to the general laws established for county governments." Sec. 2. No laws were in force in the county, except the general laws of the state. It is true, Taylor county was organized out of portions of territory theretofore included in the counties of Clark, Marathon, Chippewa and Lincoln, and that in the three counties first named, special lien laws were in force. But we do not see how that circumstance can affect the question. Upon what ground can it be maintained that laws which were peculiar, and limited in terms to Clark, Marathon and Chippewa counties, were extended to the new county on its organization? In the organic act, the legislature surely indicated no intention that the special lien law should be in force in Taylor county, but, on the contrary, declared that this county should only be subject to the general laws of the state. If the intention had been to make the provisions of the lien law applicable in this county, the legislature would have so enacted, as it did by ch. 32, Laws of 1876. The fact has been referred to, that a portion of the services were performed before Taylor county was organized, and a portion after. But the lien was given for services performed in Chippewa county on logs in that county. Before, however, any steps were taken to perfect the lien, and before it had ripened into a vested right, the land on which

the logs were cut became a part of another county. The effect of this upon the plaintiff's right of action was the same as though the law giving such right of action had been repealed. "Whatever a statute gives, which has not ripened into a vested right, a repeal of the statute may take away." RYAN, C. J., in *Dillon v. Linder*, 36 Wis., 344–349. An attempt was made to sustain the liens under ch. 153, R. S.; but the proceedings failed to show a compliance with that statute. It is very manifest that the plaintiff was seeking to enforce his right, not under the general law, but under the lien statute applicable to Chippewa county. This failing him, his lien is lost or destroyed.

The appellants *McCartney* and *Whelen*, who claimed to be the owners of the logs, appeared in the action and obtained possession of 'the property attached, by executing and delivering to the sheriff an undertaking whereby they undertook to pay the plaintiff the amount of any judgment which he might recover. The circuit court held that because they bonded the logs, they were estopped from contesting the validity of the lien. We are unable to perceive any ground for holding that they were estopped by giving the undertaking to obtain possession of their property. The giving of the undertaking was *in invitum*, compulsory, to release the logs from the attachment, and to obtain a restoration of them. If the attachment was void, the bond given to procure its discharge was also void. *Vose v. Cockcroft*, 44 N. Y., 415, and cases referred to in the opinions. The case of *Dierolf v. Winterfield*, 24 Wis., 143, contains nothing in conflict with this view. There the defendant in an attachment regained possession of the property by giving the undertaking required for the purpose, and afterwards attempted to traverse the affidavit for the attachment. The court decided that the undertaking stood in the place of the attachment, and that the affidavit was *functus officio*.

*By the Court.* — The judgment of the circuit court, so far as it attempts to give the plaintiff a lien upon the logs, is re-

versed, and the cause remanded for proceedings in accordance with this decision.