<hr/>

### KIRKWOOD v. SMITH et al.

(Supreme Court, Appellate Division, Second Department.  October 18, 1901.)

PARTNERSHIP—DISSOLUTION—RECEIVERS—SECURITY PENDING THE ACTION.
> Where in an action to dissolve an alleged partnership there is doubt
> as to plaintiff being a partner, and it is also questionable whether the
> application for a receiver discloses such a condition of the business as
> to require a receiver, the application should be denied; and, if the court
> interferes at all, it should be only to require security of the defendant
> in charge of the business that he would obey the orders of the court
> pending the action, and the judgment therein, as provided by Code
> Civ. Proc. § 1947.

Appeal from special term, Kings county.

Action by Thomas Kirkwood against Harry M. Smith and another.
From an order appointing a temporary receiver of the assets of the
firm of which defendant Smith is a surviving partner, he appeals.
Reversed.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCH-
BERG, SEWELL, and JENKS, JJ.

Charles De Hart Brower, for appellant.
E. J. McCrossin, for respondent.

PER CURIAM.  The court at special term has appointed a tem-
porary receiver of the firm of C. S. Locke & Smith at the instance
of Thomas Kirkwood, the plaintiff, upon the allegation that he was
a copartner in that firm.  From the papers and affidavits submitted
on the motion, it seems to us extremely doubtful whether any part-
nership relation ever existed between Mr. Kirkwood and Mr. Smith.
It is also very questionable whether the affidavits in support of the
application disclosed any such condition of the business as to re-

quire the appointment of a receiver. If the court below was justified in interfering at all, it should not have gone further than to make an order, under section 1947 of the Code of Civil Procedure, authorizing the business to be continued during the pendency of the action by Mr. Smith, who was solely concerned in the active conduct of the affairs of the alleged firm. The interests of the plaintiff would have been amply protected by requiring security as prescribed in that section.

The order appointing a temporary receiver should be reversed, with $10 costs and disbursements, and an order should be made in lieu thereof authorizing the business to be continued by the appellant during the pendency of the action, upon his executing and filing an undertaking in the sum of $20,000, under section 1947 of the Code of Civil Procedure.