THOMAS KIRKWOOD, Respondent, *v.* HARRY M. SMITH, Appellant, Impleaded with CORNELIA M. LOCKE, as Administratrix, etc., of CHARLES S. LOCKE, Deceased.

*Reference to take an account — it is improper where an issue as to the existence of a partnership remains undetermined by the interlocutory judgment directing it — it cannot be sustained under Code of Civil Procedure, §§ 1013, 1015.*

Where the complaint in an action alleges the existence of a copartnership between the plaintiff and the defendant, which is denied by the answer, and demands an accounting, the court has no power to order an interlocutory judgment directing an accounting before determining whether or not there existed between the parties a partnership or some other relation entitling the plaintiff to an accounting.

In such a case, the interlocutory judgment directing the accounting cannot be upheld as an order of reference under section 1013 or section 1015 of the Code of Civil Procedure.

APPEAL by the defendant, Harry M. Smith, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 20th day of December, 1901, directing an accounting before a referee therein named.

*Charles De Hart Brower* [ *William R. Hill* with him on the brief], for the appellant.

*Van Buren Denslow*, for the respondent.

HIRSCHBERG, J.:

When this case was before the court on appeal from an order of the Special Term appointing a temporary receiver, we said in the *per curiam* opinion delivered on the reversal of such order that " from the papers and affidavits submitted on the motion, it seems to us extremely doubtful whether any partnership relation ever existed between Mr. Kirkwood and Mr. Smith." (See *Kirkwood* v. *Smith*, 64 App. Div. 615.) Since then the issues raised by the pleadings have been tried, and the present appeal is from an interlocutory judgment directing an accounting by the appellant before a referee, but without in any degree resolving the doubt expressed by this court.

The complaint alleges that at the time the appellant became a copartner in the firm business referred to in the pleadings, the respondent (the plaintiff) was also a copartner. The answer denies this allegation, and the interlocutory judgment has been granted without a decision of the issue thus raised.

It appears that on the 2d day of June, 1891, the plaintiff entered into a written agreement with one Charles S. Locke, now deceased, which provided as follows: "The said Thomas Kirkwood hereby agrees to advance the sum of Ten thousand dollars ($10,000) in cash to be invested in the business of manufacturing, buying and selling plumbing, steam and gas fitting materials, in the City of New York, as part of the capital stock of said business. It being understood and agreed that the said Charles S. Locke shall carry on the said business to the best of his ability, and that the consideration to be paid to the said Thomas Kirkwood shall be one-quarter of the net profits of the said business, instead of interest on said invest-

ment of $10,000. In case of the death of said Charles S. Locke before the expiration of the term of this agreement, the said $10,000 or such part of it remaining in the business shall be paid back to the said Thomas Kirkwood or his heirs, by the executors of the estate of the said Charles S. Locke, together with the proportionate amount of the profits of the said business due and still unpaid to the said Thomas Kirkwood. This agreement is to remain in force for the term of five years from the date thereof."

It further appears that the $10,000 was advanced by the plaintiff; that the appellant became a member of the firm by agreement executed in April, 1892; that the money has never been repaid or withdrawn; that the said Charles S. Locke died intestate on the 15th day of November, 1900; that the defendant Cornelia M. Locke is the duly appointed administratrix of his estate; that annual statements of the business of the firm have been rendered to the plaintiff and money has been paid to him on account of the profits of his investment; that the plaintiff has demanded the principal invested, with a balance of alleged profits, which demand has been refused, and that he is denied participation in the management of the business and recognition as a partner.

In the decision rendered by the learned trial justice, it is stated that the agreement of June 2, 1891, "formed the basis of an advance of ten thousand dollars at that date, and subsequently of further advances, which by the subsequent agreement of partnership entered into by Charles S. Locke with the defendant Harry M. Smith formed a liability on the part of Charles S. Locke at the time he entered into said partnership agreement, and the assets arising out of said fund were transferred to the firm of C. S. Locke & Smith subject to said liability, and the relations of the parties hereto to each other are determined by said two partnership agreements and the subsequent acts of the parties." The learned trial justice further found that the relations of the parties to each other were such that in equity the plaintiff was entitled to an accounting of the business and transactions of the firm of C. S. Locke after the 2d day of June, 1891, and of the firm of C. S. Locke & Smith subsequent to the agreement of April, 1892; but that the details of the adjustment of the amount due the plaintiff and the liability of the appellant as surviving partner should be reserved for statement

in the final judgment to be rendered after the accounting. No determination, however, was made as to the nature of the "relations" of the parties to each other which required or justified the accounting.

The omission to decide the issue was intentional. The court stated at the close of the case: "There will be an interlocutory judgment for an accounting, reserving all questions as to whether the remaining assets of the partnership of Smith and Locke shall pay whatever claim there remains of Mr. Kirkwood. All other questions of liability are reserved until the coming in of the referee's report. The relations of the parties are fixed by the agreements. How much is owing to Mr. Kirkwood, *and who is to pay it,* will appear in the referee's report, and in the final judgment. Until that report comes in, *I do not determine the question at issue.*"

The only question presented on this appeal is whether an accounting could be adjudged before the issue of partnership was determined. It was held in *Salter* v. *Ham* (31 N. Y. 321) that where the plaintiff files a complaint alleging a partnership, and asking for an accounting by the defendant, if he does not establish the existence of the partnership, he will not be entitled to the accounting. It was further held that the mere relation of creditor was not sufficient. To the like effect are *Arnold* v. *Angell* (62 N. Y. 508) and *Heye* v. *Tilford* (2 App. Div. 346; affd. without opinion, 154 N. Y. 757). In the case last cited the court said (p. 353), referring to the claim of partnership: "All the facts are entirely consistent with some other relation, and upon the whole case we agree with the referee that the plaintiff failed to establish the burden of proving that the partnership existed. That being so, the plaintiff *was not entitled to an accounting.*" It was further held in that case that where a plaintiff fails upon the issue of partnership, he cannot insist upon an accounting in the action upon the ground that the parties were at least engaged in a joint adventure.

The learned counsel for the respondent argues, however, that the judgment may be upheld as an order of reference under the provisions of either section 1013 or 1015 of the Code of Civil Procedure. This position is untenable. Section 1013 provides for a reference to try either the issues or some specific question of fact involved in the issues, while section 1015 provides for a reference

upon incidental questions, including the taking of an account *after* judgment or where it is necessary to do so for the information of the court, and also including a reference for the determination of a question of fact, arising in any stage of the action, upon a motion, or otherwise, except upon the pleadings. The judgment appealed from is not a mere order of reference, nor does it purport to be. If it stands it will stand as the only interlocutory judgment which can be rendered in the action. The decision of the issues, however, has been expressly reserved, notwithstanding that if such issues are not decided now they can never be, while in the meantime judgment has been decreed in favor of the plaintiff for the accounting asked for in the complaint, without any adjudication that he is entitled to it, either upon the relation asserted by him, viz., that of partner, or upon any other relation embraced within the jurisdiction of a court of equity. It may very well be, as suggested by the learned trial justice, that the plaintiff is or will be entitled to an accounting upon some theory, but it is the province of the judgment to determine the nature of the theory and the scope and extent of the liability, and entry of judgment without a decision of the case and of the issues involved is necessarily without authority and wholly unauthorized by any known rule of practice. The decision of this appeal was suspended by the court in order to enable the learned trial justice to make a finding one way or the other upon the question of partnership, but this the learned trial justice refused to do, and there is accordingly no alternative but to reverse the judgment appealed from and direct a new trial.

All concurred, except WOODWARD, J., not voting.

Interlocutory judgment reversed and new trial granted, costs to abide the final award of costs.