### KIRKWOOD v. SMITH.

(Supreme Court, Appellate Division, Second Department. April 24, 1903.)

1. PARTNERSHIP—ACCOUNTING—PROOF.
  Where plaintiff's only claim to an accounting was based on the alleged existence of certain partnerships, and the evidence failed to establish the existence of such partnerships, a judgment in favor of defendant was proper.

Appeal from Special Term, Kings County.

Action by Thomas Kirkwood against Harry M. Smith. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, JENKS, and HOOKER, JJ.

Edward J. McCrossin, for appellant.
Chas. De Hart Brower, for respondent.

WILLARD BARTLETT, J. The facts and history of this case are sufficiently set forth in the opinion written by Mr. Justice Hirschberg on a previous appeal. Kirkwood v. Smith, 72 App. Div. 429, 75 N. Y. Supp. 1016. The new trial which was granted upon that appeal has resulted in a judgment in favor of the defendant, based upon a decision to the effect that the plaintiff failed on the trial to establish the existence of any partnership relation between himself and Charles S. Locke, deceased; and, furthermore, that he failed to establish any such partnership relation between himself and Harry M. Smith, the defendant in this action.

These findings are supported by the evidence, and as the plaintiff's only claim to an accounting, as set out in his complaint, was based upon the alleged existence of these partnerships, his failure to establish the existence of such partnerships justified the court in rendering judgment against him. Under the circumstances, he was not entitled to insist upon an accounting on any other theory. Salter v. Ham, 31 N. Y. 321.

An elaborate discussion of the evidence which leads us to concur with the learned judge who tried this cause in holding that no partnership was established seems hardly necessary, in view of the fact that such discussion would be of no interest to any other persons than those concerned in this case. It may be well to say for their benefit, however, that we deem the written agreement between the plaintiff and Charles S. Locke to be a contract for the loan of money, rather than an agreement of partnership. The entire record now before us confirms the impression made upon the court upon the appeal, from an order appointing a temporary receiver, when we said that it was extremely doubtful whether any partnership relation ever existed between Mr. Kirkwood and Mr. Smith. Kirkwood v. Smith, 64 App. Div. 615, 75 N. Y. Supp. 1016.

The judgment should be affirmed. Judgment affirmed, with costs. All concur.