THOMAS KIRKWOOD, Appellant, v. HARRY M. SMITH, Respondent, Impleaded with CORNELIA M. LOCKE, as Administratrix, etc., of CHARLES S. LOCKE, Deceased.

*Accounting, demanded in a complaint alleging a partnership.— a failure to establish the partnership justifies a dismissal of the complaint.*

Where the complaint in an action for an accounting bases the plaintiff's right thereto solely upon the alleged existence of certain partnerships, if the plaintiff fails to establish the partnerships he is not entitled to insist upon an accounting upon any other theory, and judgment may properly be rendered against him.

APPEAL by the plaintiff, Thomas Kirkwood, from a judgment of the Supreme Court in favor of the defendant, Henry M. Smith, entered in the office of the clerk of the county of Kings on the 16th day of July, 1902, upon the decision of the court, rendered after a trial at the Kings County Special Term, dismissing the plaintiff's complaint upon the merits.

*Edward J. McCrossin,* for the appellant.

*Charles De Hart Brower* and *William R. Hill,* for the respondent.

WILLARD BARTLETT, J. :

The facts and history of this case are sufficiently set forth in the opinion written by Mr. Justice HIRSCHBERG on a previous appeal.

(*Kirkwood* v. *Smith,* 72 App. Div. 429.) The new trial which was granted upon that appeal has resulted in a judgment in favor of the defendant, based upon a decision to the effect that the plaintiff failed on the trial to establish the existence of any partnership relation between himself and Charles S. Locke, deceased ; and, furthermore, that he failed to establish any such partnership relation between himself and Harry M. Smith, the defendant in this action.

These findings are supported by the evidence ; and as the plaintiff's only claim to an accounting, as set out in his complaint, was based upon the alleged existence of these partnerships, his failure to establish the existence of such partnerships justified the court in rendering judgment against him. Under the circumstances he was not entitled to insist upon an accounting on any other theory. (*Salter* v. *Ham,* 31 N. Y. 321.)

An elaborate discussion of the evidence, which leads us to concur with the learned judge who tried this cause in holding that no partnership was established, seems hardly necessary, in view of the fact that such discussion would be of no interest to any other persons than those concerned in this case. It may be well to say for their benefit, however, that we deem the written agreement between the plaintiff and Charles S. Locke to be a contract for the loan of money, rather than an agreement of partnership. The entire record now before us confirms the impression made upon this court upon the appeal from an order appointing a temporary receiver, when we said that it was extremely doubtful whether any partnership relation ever existed between Mr. Kirkwood and Mr. Smith. (*Kirkwood* v. *Smith,* 64 App. Div. 615.)

The judgment should be affirmed.

WOODWARD, HIRSCHBERG, JENKS and HOOKER, JJ., concurred.

Judgment affirmed, with costs.