(112 App. Div. 279)

### RUDIGER et al. v. COLEMAN et al.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

1. SPECIFIC PERFORMANCE—CONTRACTS ENFORCEABLE—AGREEMENT TO FORM CORPORATION.

Specific performance of a contract to form a corporation cannot be decreed where the parties to it are hostile and unfriendly, and the by-laws agreed upon at the time of the contract contain little, if anything, showing the terms and details of the proposed incorporation.

2. APPEAL—MODIFICATION OF JUDGMENT—AFFIRMANCE.

In an action to enforce specific performance of a contract to form a corporation to hold title to and manage certain property conveyed by plaintiffs to defendants, an interlocutory judgment decreeing specific performance, and ordering an accounting as to certain rents, cannot be sustained on appeal by striking out the erroneous provision for specific performance, since it is necessary that the questions of law involved should be determined in advance of the accounting.

Appeal from Special Term, Kings County.

Action by Eugene A. Rudiger and another against James S. Coleman and others. From an interlocutory judgment, and from an order resettling and amending the findings of fact, and an order denying a motion to vacate and set aside the first mentioned order, plaintiffs appeal. Interlocutory judgment reversed, cause remanded, and appeal from the order dismissed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

John C. Waite, for appellants,
David McClure, for respondents.

HIRSCHBERG, P. J. The primary purpose of this action is to procure the rescission of an agreement made between the parties on June 16, 1899. Incidental to such purpose, equitable relief is asked for an accounting by the defendants, for a reconveyance by them to the plaintiffs of certain real estate which had been deeded by the plaintiffs to the defendants pursuant to the terms of the agreement, and further, for a decree impressing said property with a trust. At the time of the execution of the agreement, the defendants were under contract with the city of New York for the construction of the new Croton dam, in Westchester county. That work involved the use of large quantities of granite, covering many square miles of land in the neighborhood of the construction, and necessitated the building of bridges, abutments, and appurtenances, and the laying of many miles of roadway. The plaintiffs at that time were the owners of a certain farm near the site of the dam, and had also contracted for the purchase of another farm, on which farms were undeveloped granite quarries. The agreement provided for the deeding by the plaintiffs to the defendants of the one farm and the assigning of the contract for the other, and that these farms should in turn be conveyed by the defendants to a quarrying company immediately upon its formation, for which full paid stock of the company should be issued; 40 per cent. to be delivered to the plaintiffs and 60 per cent. to the defendants. It was further provided in the agreement that the expense of developing the quarries should be borne by the defendants, and that the latter would use the stone obtained from the quarries for the purpose of completing their contract with the city. The provision for the formation of the company, as contained in the agreement, is as follows:

"Within six months after the delivery of the deed and assignment of the contract, as herein provided, a corporation shall be formed for the purpose of quarrying and selling granite, and the execution of contracts in which granite is used, consisting of all the parties hereto, in accordance with a certificate and by-laws, a copy of which by-laws is hereto annexed."

The corporation was never formed, but the work of completing the dam and the other work alluded to in the agreement have been done by the defendants with the use of stone from the quarries on the farms. The complaint sets forth various alleged breaches of the conditions of the agreement on the part of the defendants, full performance on the part of the plaintiffs, and various specific charges of wrongdoing, and waste, which it is unnecessary to detail.

The interlocutory judgment does not adjudicate on the question of rescission, or of the reconveyance of the property, but, with the exception that an accounting is ordered as to certain rents, the operative part of the decree is limited to an adjudication requiring the parties to specifically perform the agreement for the formation of the quarrying company. The provision of the interlocutory judgment referred to is as follows:

"It is ordered and adjudged that the plaintiffs and the defendants make, sign, acknowledge, and file with the Secretary of State of the state of New York a certificate in the form required by law for the incorporation of a company, consisting of plaintiffs and defendants, for the purpose of quarrying and selling granite, and the execution of contracts in which granite is used."

The judgment cannot be sustained. It is not within the province of equity jurisdiction to compel the specific performance of a contract to form a corporation under the circumstances disclosed by this case. The parties were unable to agree upon the terms for the formation of such corporation, and are now hostile and unfriendly. Annexed to the agreement there is a proposed set of by-laws, but they contain little, if anything, showing the terms and details of the proposed incorporation. It follows that the judgment could not be enforced if the parties refuse to comply with it, and for that reason is objectionable in form and substance.

In Stocker v. Wedderburn, 3 K. & J. 393, the precise point was decided. There the owner of a patented invention entered into a contract with certain persons, who with himself were to form a company, to the promotion of which he was to give his services for two years, and to do his best to improve the invention for the benefit of the company; and it was held on demurrer that specific performance of the contract could not be decreed. The situation is similar to that presented in the case of an agreement for the formation of a copartnership, which, as a general rule, is not enforceable in equity. See Wilcox v. Williams, 92 Hun, 250, 36 N. Y. Supp. 944; Fargo v. N. Y. & N. R. R. Co., 3 Misc. Rep. 205, 23 N. Y. Supp. 360; Scott v. Rayment, L. R. 7 Eq. 112.; Sichel v. Mosenthalm, 30 Beav. 371; Meason v. Kaine, 63 Pa. 335.

The interlocutory judgment cannot be modified by striking out the provision for specific performance, and affirming it as modified, as, in effect, a mere order of reference to take and state the account. Kirkwood v. Smith, 72 App. Div. 429, 75 N. Y. Supp. 1016. This is the only interlocutory judgment which can be made in the action, and it should determine the issues in advance of the accounting.

The interlocutory judgment should be reversed, and a new trial granted; costs to abide the final award of costs. The appeal from the order should be dismissed. It is to be regretted that the counsel for the appellants has polluted his voluminous brief by wholly unfounded aspersions on the conduct and motives of the learned trial justice. Because of this misconduct, all copies of the brief will be returned to him. All concur.