(55 Misc. Rep. 642.)

## PEOPLE v. HARRIS.

(Court of General Sessions, New York County. August, 1907.)

CRIMINAL LAW—LEAVE TO APPEAL—MISCONDUCT OF COUNSEL.

Where defendant's counsel, on a motion for leave to appeal from a conviction before a magistrate, improperly charges that the magistrate was absolutely unfair and his conduct prejudicial, his application will be returned, that the motion may be renewed with a proper statement of the facts claimed to show prejudicial error.

Harry Harris was convicted of crime. On application for leave to appeal from the judgment. Papers returned for new application.

William Travers Jerome, for the motion.

FOSTER, J. This is an application for leave to appeal from a judgment of the magistrate's court, and for an order admitting the defendant to bail pending the appeal. The affidavit filed in support of the motion for the allowance of the appeal, I regret to note, is made by counsel (and not by the defendant himself). In this affidavit counsel says in terms and under oath:

"That the treatment accorded him [defendant] by said magistrate was absolutely unfair and prejudicial to the interest of the defendant appellant; that he received absolutely no protection from the said magistrate, who should preside, as a fair, impartial, and unbiased official."

Throughout the affidavit there are frequent other references to the alleged unfairness and undue prejudice of the magistrate, so that even a casual reading of this affidavit impresses one with the belief that, if the statements are true, the magistrate was unfit to be on the bench. These charges should not be addressed to this court. If true, they should be brought before a tribunal having the power of removal. If untrue, they should not be made at all. Matter of Manheim, 113 App. Div. 137, 99 N. Y. Supp. 87. They are unnecessary on this application, and, being unnecessary, are improper. Indeed, they are worse than improper. They are scandalous, and applying, as they do, to a magistrate, who has no right to reply to them, they are cowardly.

A decent regard for the feelings of the magistrate and for the dignity of the magistrate's court requires that such a reckless charging of official misconduct (and swearing to it, as a conclusion or opinion, without the statement of adequate facts to justify it) be rebuked and "severely condemned as eminently improper and inconsistent with the relations that must exist between the members of the bar and the judicial officers who are charged with the duties of administering justice." In Rudiger v. Coleman, 112 App. Div. 282, 98 N. Y. Supp. 463, the court, in banc, says:

"It is to be regretted that the counsel for the appellants has polluted his voluminous brief by wholly unfounded aspersions on the conduct and motives of the learned trial justice. Because of this misconduct, all copies of the brief will be returned to him."

Following this authority, I direct the clerk to return to counsel, in a sealed envelope, the papers on this application, to the end that a new application may be made with a lawyerlike presentation of the

facts, which it is claimed show prejudicial error, and thereupon a dignified and proper application for the allowance of the appeal herein may be made and will be entertained.

Ordered accordingly.