EUGENE A. RUDIGER et al., Appellants, v. JAMES S. COLEMAN et al., Respondents.

Appeal — when judgment entered upon irregular findings of fact and conclusions of law will be regarded as regular upon appeal — equity — power of court to direct reconveyance of lands when contract accompanying conveyance cannot be enforced.

Although findings of fact and conclusions of law are not signed at the end thereof in the usual form, and are not supplemented by a direction for the entry of judgment in accordance therewith, but each finding and conclusion is marked found by the court, and upon them judgment has been entered without objection, and both parties have treated the judgment as regular, it must be so regarded upon the appeal therefrom.

Where an agreement, accompanying and being part of the consideration for the conveyance of lands, cannot be specifically enforced in equity because it embraces a covenant to form a corporation which cannot be formed unless the parties unite upon a number of details which are not specified in the agreement, the court may, in the exercise of its equitable powers, restore the parties, as nearly as possible, to their original positions and to that end direct the grantees, who have thereby obtained an interest in such lands, to reconvey to the grantors, upon condition that the latter reimburse the grantees for any payments they may have made upon a contract relating to part of the lands. Such grantees should also be directed to account for rents collected from buildings erected upon such lands, under a provision of the agreement between the parties that the grantors were to have a part of the rents collected by the grantees, until the formation of such corporation.

*Rudiger* v. *Coleman,* 129 App. Div. 916, reversed.

(Argued June 7, 1910; decided October 11, 1910.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 12, 1909, affirming a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This action was brought upon the alleged breach of a contract entered into between the plaintiffs and the defendants on the 16th day of June, 1899. The main recitals and covenants of the contract are, in substance, that the plaintiffs were the owners of the "Field farm" in the town of Cortlandt, Westchester county, in this state, upon which there was a large and valuable deposit of granite; that adjoining this farm there was a piece of land of about 15 acres, being part of the Horton farm, containing a similar deposit of granite, for the purchase of which the plaintiffs held a contract; that the defendants, a firm of contractors, held a contract to build the so-called "New Croton Dam" for the completion of which they desired to acquire the right to quarry and use large quantities of said granite; that the defendants proposed to purchase, and the plaintiffs to sell, the Field farm, thus owned by the latter, for the agreed price of $6,000, one-half of which was to be paid upon the delivery of the deed and the other half by the assumption of a mortgage which was then a lien upon the Field farm ; that the defendants were to take over the plaintiffs' interest in the Horton farm and assume the payments stipulated for in the land contract under which it was held ; that, in addition to the cash consideration to be paid by the defendants, they agreed to the formation of a corporation for the purpose of quarrying and selling granite from said farms, the capital stock of the corporation to be issued in the ratio of forty per cent to the plaintiffs and sixty per cent to the defendants; that the defendants should be limited to taking for their own use only so much granite as should be required to complete their Croton dam contract; that the plaintiffs should have the exclusive right to conduct upon the premises a supply store and boarding house; that any rents derived from any portion of the premises should be divided in the ratio of forty per cent to the plaintiffs and sixty

per cent to the defendants, until the formation of the proposed corporation, when all such rents should belong to the latter; and that all expense of developing the property for the purpose of quarrying granite should be borne by the defendants. Various other details were provided for in the agreement, but the foregoing outline is sufficient for present purposes.

The substance of the complaint is that the plaintiffs have carried out their part of the contract, and that the defendants have failed upon their part: that they have refused to form the corporation agreed upon; that they have quarried great quantities of granite, largely in excess of what was necessary to complete their contract for the construction of the Croton dam, and are continuing to quarry for their own use and profit large quantities of granite without accounting for the same; that they have denied to the plaintiffs the exclusive right to conduct upon the premises a supply store and boarding house; that they have rented portions of the premises and collected the rents without accounting for the same; and that they have cut and appropriated to their own use timber for the proceeds of which they have not accounted. These allegations of the complaint are set forth at great length, and upon them the plaintiffs asked for judgment (1) rescinding and annulling the contract; (2) restraining the defendants from quarrying granite upon said premises; (3) declaring that the said defendants hold title to said premises as trustees for the plaintiffs, as their interests may appear; (4) requiring the defendants to reconvey said premises upon such terms as the court may deem proper; (5) restraining the defendants from operating said quarry except for the purposes of the original contract for the construction of the Croton dam, and that they be required to account for all granite taken for other purposes; and (6) that judgment be rendered against the defendants for the value of all granite taken from said premises by them, and for all timber and wood removed by them, and for all rents collected by them, and for damages in the sum of $200,000.

The answer of the defendants puts in issue substantially all the allegations of the complaint, except those relating to conveyance of the premises from the plaintiffs to the defendants, the payment of the purchase-price, and the failure to account for rents, for which, they allege, that the plaintiffs have a credit upon the defendants' books.

The issues were tried before Mr. Justice KELLY at Special Term, who made voluminous findings of fact in which he decided against the plaintiffs upon every issue presented by the pleadings, and upon which he based the legal conclusion that the complaint must be dismissed. From the judgment entered upon this decision the plaintiffs appealed to the Appellate Division, where there was an unanimous affirmance, and the plaintiffs are now appellants in this court.

*John C. Wait* for appellants. The trial court erred in refusing to decree a rescission of the agreement of June 16, 1899, and a reconveyance to the plaintiffs of the property conveyed to the defendants under and pursuant to the said agreement. (*Michael* v. *Holheimer*, 56 Hun, 416 ; *Willard* v. *Ford*, 13 Neb. 543 ; *Reid* v. *Burns*, 13 Ohio St. 49 ; *Anderson* v. *Hammond*, 19 Ore. 446 ; *Harrison* v. *Calmes*, 100 Ky. 179 ; *Bolen* v. *Bolen*, 44 Hun, 362 ; *Quick* v. *Stuyvesant*, 2 Paige, 84 ; *Bergen* v. *Udol*, 31 Barb. 9 ; *Brand* v. *Brand*, 39 How. Pr. 195 ; *Shepherdson* v. *Stevens*, 77 Mich. 256 ; *Bogie* v. *Bogie*, 41 Wis. 209 ; *Douglas Co.* v. *Walbridge*, 38 Wis. 179 ; *Peck* v. *White*, 39 Conn. 9 ; *S., etc., R. Co.* v. *Atkinson*, 94 Ga. 780.) The relation existing between the parties calls for the interposition of equity relief. (*Marvin* v. *Brooks*, 94 N. Y. 80 ; *Marston* v. *Gould*, 69 N. Y. 225.) The trial court erred in denying plaintiffs any equitable relief, and in dismissing plaintiffs' complaint with costs on the ground that plaintiffs had an adequate remedy at law. (Code Civ. Pro. § 1207 ; *Hemmingway* v. *Poucher*, 98 N. Y. 281 ; *Wetmore* v. *Porter*, 92 N. Y. 76 ; *Murtha* v. *Curley*, 90 N. Y. 372 ; *Andrew* v. *N. J. S. Co.*, 11 Hun, 490 ; *Skillin* v. *Maibrunn*, 75 App. Div. 588 ; *Baily* v. *Hornthal*, 154 N. Y. 648.)

*Charles Haldane* and *David McClure* for respondents. This court cannot review the evidence. The appellants are concluded by the findings of fact as to every matter and thing determined by them. (*Keyes* v. *Smith*, 183 N. Y. 377.)

Werner, J. Although the findings of fact and conclusions of law are not signed at the end thereof in the usual form, and are not supplemented by a direction for the entry of judgment in accordance therewith, each finding and conclusion is marked found by the court, and upon them judgment has been entered without objection from counsel for the plaintiffs. Since both parties have treated the entry of judgment as regular, we must so regard it for the purposes of this appeal. The findings of fact clearly support the conclusions of law, and the unanimous affirmance of the judgment entered upon them is, therefore, conclusive upon this court, except as to certain matters which were left undecided. As the decision now stands, the defendants have title to lands which in equity belong to the plaintiffs. Although the court has found that the failure to form a corporation was not the fault of the defendants, and that the latter have quarried no more stone than they were entitled to use in the completion of their contract for the construction of the Croton dam, it is obvious that a mere dismissal of the complaint simply paves the way to further litigation over matters which should be disposed of in this suit. The agreement between the parties cannot be specifically enforced in equity because it embraces a covenant to form a corporation which can never be formed unless the parties unite upon a number of details which are not specified in the agreement. While the defendants are not responsible for this condition, the fact remains that they hold title to land which belongs to the plaintiffs if the agreement is not carried out. It is obviously impossible to make any judgment that will fully restore the parties to their original positions, but it is quite as clearly the duty of the court to go as far in that direction as it can.

We think the judgment of the Appellate Division should

be reversed and the judgment of the Special Term modified so as to direct a re-conveyance by the defendants to the plaintiffs of the Field farm; and a re-assignment of the contract for the 15 acres of the Horton farm upon condition that the plaintiffs reimburse the defendants for any payments they may have made upon the contract for that part of the Horton farm.

The judgment should be further modified so as to direct an accounting for rents collected by the defendants, for the trial court has found that the defendants erected tenements upon said premises and collected rents therefrom, for which they have not accounted to the plaintiffs.

Although the judgment as thus modified probably falls far short of doing ideal justice between the parties, the nature of the contract and the conclusive character of the judgment as far as it goes make it impossible for the court to do more. The reversal and modification should be without costs of this appeal to either party.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment accordingly.