### RUDIGER et al. v. COLEMAN et al.

(Supreme Court, Appellate Division, Second Department. January 5, 1912.)

1. APPEAL AND ERROR (§ 1216*)—DISPOSITION OF CAUSE.

Where, in an action for equitable relief, it has been determined by the trial court, the Appellate Division, and the Court of Appeals that the allegations of the complaint, so far as they deal with certain items, were not established, and the Court of Appeals, upon reversing the judgments of the trial court and Appellate Division, remanded, with directions to enter judgment excluding such items, a judgment of the trial court thereafter entered, disregarding the remittitur and expressly giving the relief denied, was improper.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4700; Dec. Dig. § 1216.*]

2. APPEAL AND ERROR (§ 76*)—DECISIONS REVIEWABLE—FINALITY.

Where a cause is remitted by the Court of Appeals for the entry of a designated judgment, the judgment so entered is final and appealable, though the trial court introduced therein matters which called for the determination of a referee.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426–443; Dec. Dig. § 76.*]

Appeal from Special Term, Kings County.

Action by Eugene A. Rudiger and another against James S. Coleman and others. From an interlocutory judgment of the Special Term, entered for the plaintiffs on a remittitur from the Court of Ap-

---

peals (199 N. Y. 342, 92 N. E. 665), Jules Breuchaud and others appeal. Judgment modified, to conform to remittitur, and affirmed.
See, also, 131 N. Y. Supp. 1141.

Argued before JENKS, P. J., and THOMAS, CARR, WOOD-WARD, and RICH, JJ.

Morgan J. O'Brien (Charles Haldane, on the brief), for appellants.
John C. Wait (Charles A. Winter, on the brief), for respondents.

WOODWARD, J.   Upon the trial of this action the learned court at Special Term made elaborate findings of fact, and reached the conclusion of law that the plaintiffs' complaint should be dismissed upon the merits, with costs to the defendants.   The case had been previously tried.   Upon the first trial of the action the defendants were directed to specifically perform the contract between the parties for the formation of a corporation.   The interlocutory judgment was reversed.   112 App. Div. 279, 98 N. Y. Supp. 461.   Upon a retrial of the case it was held that the plaintiffs had failed to establish a case calling upon a court of equity to intervene, and dismissed the complaint upon the merits, with costs to the defendants.   Upon an appeal to this court, the judgment was affirmed.   An appeal was taken to the Court of Appeals, where the judgment of this court was reversed (199 N. Y. 342, 347, 92 N. E. 665, 666), and the judgment of the Special Term modified—

"so as to direct a reconveyance by the defendants to the plaintiffs of the Field farm, and a reassignment of the contract for the 15 acres of the Horton farm, upon condition that the plaintiffs reimburse the defendants for any payments they may have made upon the contract for that part of the Horton farm."

It was further held that the judgment should—

"be further modified, so as to direct an accounting for rents collected by the defendants, for the trial court has found that the defendants erected tenements upon said premises and collected rents therefrom, for which they have not accounted to the plaintiffs."

The court then says:

"Although the judgment, as thus modified, probably falls far short of doing ideal justice between the parties, the nature of the contract and the conclusive character of the judgment, as far as it goes, make it impossible for the court to do more."

That is, if we understand language, the trial court having found that there was no ground for equitable interference in adjusting questions of waste, rents, issues and profits, and this judgment having been unanimously affirmed by this court (129 App. Div. 916, 114 N. Y. Supp. 689), the power of the court was limited to the modifications in the judgment above recited, and which are contained in the opinion of the court.   Notwithstanding this positive declaration of limitation upon the power of the court "to do more," the learned counsel for the plaintiffs moved the court for a reargument of the appeal, or, in the alternative, for an amendment of the remittitur, upon the ground, among others:

"That the said decision and opinion failed to indicate whether the plaintiffs are entitled to the rents only, or to the rents, incomes, and revenues

derived from the premises in question, and for what period or periods, and to what extent they are entitled to recover for waste, damages done to the premises by the defendants during their occupancy of the same, and as to the disposition of moneys received upon condemnation of parts of same by the city of New York, and as to the plaintiffs' rights under the contract of purchase and lease of mineral rights."

This motion was supported by an affidavit of plaintiffs' attorney, and was denied, without opinion; · the court significantly referring to the opinion on the original appeal. 200 N. Y. 536, 93 N. E. 1131.

It seems entirely obvious to us that, if the Court of Appeals had had any doubt upon the questions suggested upon this motion, there would have been some intimation upon the point. The opinion, as originally handed down, clearly by its language limited the modification in reference to rents to those which had been "collected by the defendants," for, as it is pointed out:

"The trial court has found that the defendants erected tenements upon said premises and collected rents therefrom, for which they have not accounted to the plaintiffs."

Can there be any doubt of the rents the court had in mind in directing this modification?

Notwithstanding this plain dissent of the Court of Appeals to the suggestion that the court had failed to make clear its determination, the learned counsel for the plaintiffs, upon defendants' motion to make the determination of the Court of Appeals the judgment of the Supreme Court, introduced various affidavits, statements, etc., and generally went into the merits of the litigation, resulting in an order which, instead of making the determination of the Court of Appeals the judgment of the Supreme Court, makes a very different determination, giving the plaintiffs relief which was denied in the action, and affirmed on appeal; the learned court at Special Term declaring in a memorandum that:

"This court, in giving intelligent ·effect to the determination of the Court of Appeals, must take account of these changes. Its power and duty is not limited to a parrot-like adoption of the language of the remittitur. The judgment to be entered will therefore direct a reconveyance of the Field farm, except such portions as have been condemned, an assignment of the awards, if uncollected, and payment over of the awards so far as collected, with interest, also an account to date of rents, issues, and benefits received out of the property, meaning thereby all net profits of what nature ·or kind soever, and not mere technical rents. This will include moneys received for timber, stone, granite, and sand or screenings, and the value of such, where not sold, but used or given away."

This is not making the determination of the Court of Appeals the judgment of the Supreme Court. It is reversing a determination of the trial court, the Appellate Division, and the Court of Appeals that the allegations of the complaint, in so far as they dealt with waste, rents, issues, and profits, were not sustained by the plaintiffs, and it gives relief which has been denied them and been conclusively established on appeal.

[1] The rule is well established that, where a cause is remanded with directions, the lower court cannot correct alleged errors in the findings of fact, or amend by making additional findings. 13 Ency. of

Pl. & Pr. 849; Sayre v. State of New York, 128 N. Y. 622, 27 N. E. 1079. In the case last above cited the Court of Claims had made an award of $3,000 to the claimant. On appeal to the Court of Appeals the court modified the judgment, by increasing the award to $8,136, and, as modified, affirmed, with costs. The remittitur of the Court of Appeals was sent to the Court of Claims, and thereupon that body made new findings of fact and law, and awarded to the claimant the sum of $10,657.55, which was made up of the $8,136, the interest thereon to the date of the award, and the costs of the prior appeal. The Attorney General filed exceptions to this award and brought an appeal to the Court of Appeals. The court say:

"The practice since the remittitur was sent down from this court has been quite irregular. Upon the prior appeal, we simply modified the prior award by increasing it. We made no other alteration, not even changing the date. The effect of our decision was that the $8,136 should stand in the place of the $3,000, as of the same date. Thus it was the same award simply increased. The modified award would bear interest from the same date as the original award. If the claimant would have been entitled to interest upon the original award, he became entitled to interest upon the modified award from the same date. Upon the prior remittitur from this court, the prior award, without altering its date, must be increased to $8,136, and the claimant must have his costs of this appeal, and then, if the financial officers of the state refuse to pay interest upon the award from its date, the claimant must take his remedy by mandamus, or by filing a new claim with the Board of Claims, for his interest. * * * The award appealed from must be reversed, with costs of appeal to be paid by the claimant."

[2] The judgment which has finally been entered in the present case sends various questions to a referee to determine which have already been conclusively disposed of upon the trial and the several appeals, and the practice which is sought to be sustained is not proper and should not be sustained, and the defendants cannot be deprived of their right to contest this judgment here by calling it an interlocutory judgment. A final judgment entered upon the decision of the Court of Appeals is certainly a final judgment, and it does not lose the character of finality because the court at Special Term elects to introduce into such judgment matters which have no place there. The Court of Appeals has declared that the conclusive character of the judgment was such that it could be modified only in the particulars pointed out, and it is not for this court to overrule that determination. Whatever right the Supreme Court would have to reopen the case, it is not authorized, we believe, to sanction a reversal of the Court of Appeals by the Special Term. The question of issues and profits was disposed of at the trial, and that disposition has been approved by this court and the Court of Appeals, and the judgment should be entered in accordance with the determination of the Court of Appeals.

The judgment appealed from should be modified to conform to the determination of the Court of Appeals, and, as so modified, affirmed, with costs to the appellants.

JENKS, P. J., and CARR and RICH, JJ., concur. THOMAS, J., not voting.