EUGENE A. RUDIGER et al., Appellants, v. JAMES S. COLE-
MAN et al., Respondents.

**Practice — appeal — when an order in an application based
upon a judgment is for the purpose of carrying out and enforcing
rights determined by the judgment the order is not appealable
to the Court of Appeals.**    ·    .

1. An order entitled and made in an action on an application
incidental and auxiliary to a judgment and for the purpose of reg-
ulating, carrying out and enforcing rights already settled and deter-
mined by and under the judgment is not made in a special proceed-
ing and is not appealable to this court.

2. The validity of an order made without authority but which is
not appealable may be tested when an attempt is made to punish
the party against whom it is made for failing to comply with its
terms.

*Rudiger* v. *Coleman*, — App. Div. —, appeal dismissed.

(Argued October 4, 1912; decided November 19, 1912.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
June 18, 1912, directing the payment of certain moneys.

The facts, so far as material, are stated in the opinion.

*John C. Wait* for appellants. The order is appeal-
able. (*P. N. Bank* v. *Bayne*, 140 N. Y. 328; *J. M.
Agency* v. *Rothschild*, 155 N. Y. 255.)

*C. Haldane* and *Morgan J. O'Brien* for respondents.
The order appealed from, directing the payment by the
plaintiffs to the defendants of the sums of money therein
specified, is right and should be affirmed. (*Haebler* v.
*Myers*, 132 N. Y. 366; *Goepel* v. *Robinson Machine Co.*,
122 App. Div. 26; *Holly* v. *Gibbons*, 177 N. Y. 401; *Mer-
riam* v. *W. & F. Lith. Co.*, 155 N. Y. 136.)

HISCOCK, J.    The facts involved in this action as origi-
nally set forth in the voluminous complaint were some-
what complicated, and this general feature of complexity

has not diminished any as the litigation has progressed. Fortunately it will not be necessary in the disposition of the question now before us to refer to many of the facts alleged and developed on the trial, as our concern will be with various orders which have been made in the attempt to carry out the decision of this court and secure to the parties certain rights which had been thereby fixed.

The plaintiffs made with the defendants, and the intestate of one of them, a contract providing amongst other things for the assignment by the former to the latter of a contract for the purchase of a piece of quarry land known as the Horton farm, on which $250 had been paid. The latter were to complete the purchase of said land, and agreed to do many other things with and for the benefit of plaintiffs.

After a while the latter brought this action claiming breach of contract and asking amongst other things the reassignment of said land contract or conveyance of the premises covered thereby on such terms as might be just. Judgment was rendered by the trial court and affirmed by the Appellate Division dismissing the complaint. This court, all of the facts being before it, under the form of a modification ordered an affirmative judgment requiring the defendants to reassign "the contract for the * * * Horton farm upon condition that the plaintiffs reimburse the defendants for any payments they may have made upon the contract," and also directing "an accounting for rents collected by the defendants" from this and another piece of land.

When the remittitur was presented to the Supreme Court and application made to make the judgment of this court that of the Supreme Court, the learned judge proceeded to formulate quite a new decree, many features of which, however admirable from his viewpoint, were quite without authority. Amongst other things the direction for an accounting which had been made by this court was very much enlarged, and the contract for

the purchase of the Horton farm having been consummated by defendants, the latter were directed to reconvey the premises to plaintiffs without reimbursement for any payments made on the contract as provided by this court, except as the same might be derived from the amount which the judge seems to have assumed would be found due to plaintiffs on the accounting which he directed.

The defendants appealed from this so-called interlocutory judgment, and it was modified so as to conform with the decision of this court. In the meantime, however, an application for a stay pending such appeal having been denied, the defendants had been compelled under contempt proceedings to reconvey to plaintiffs the Horton farm without reimbursement of the sum to which they were entitled under our decision and the judgment entered thereon as finally modified and which sum seems to be conceded to be $4,900, with certain interest, and $1 with certain interest.

After the determination of the Appellate Division above referred to, defendants made an application to that court on an original motion which produced the order now before us for review. This is denominated by their counsel an order for restitution under the Code (§ 1323) to secure relief from the conveyance which they were compelled to make as above stated without payment to them of the appropriate sum. But the trouble is that the order cannot possibly be regarded as one for restitution. It did not require the plaintiffs to reconvey the lands, but required them under pain of contempt proceedings to pay to defendants the sum by way of reimbursement which they should have paid as a condition of receiving the conveyance. And this, too, was not ordered in the alternative that they either pay such sum or reconvey the land. This was not restitution. Plaintiffs undoubtedly could be compelled by proper action to pay this sum if they clung to the conveyance which under an improvident

order they had improperly wrung from the defendants. But this relief could not be secured on an application for restitution or on any original motion before the Appellate Division of which we are aware.

The order appealed from, therefore, was erroneous. But that does not necessarily entitle plaintiffs to succeed on this appeal, for at the outset they encounter the inquiry whether the order is appealable and on that question we entertain views adverse to them. The test is whether the order is one finally determining a special proceeding. It is unnecessary to consider whether an order granting restitution would be appealable and which was doubted in *Merriam* v. *Wood & Parker Lith. Co.* (155 N. Y. 136). The foundation of plaintiffs' claim is that this is not an order of restitution. The order is entitled in the action and in our opinion it was not made in a special proceeding at all, but is one made in the action on an application incidental and auxiliary to the judgment and for the purpose of regulating, carrying out and enforcing rights already settled and determined by and under the judgment and as such it is not appealable. (*Knickerbocker Trust Co.* v. *O., C. & R. S. R. Co.*, 197 N. Y. 391.) Under this view the order being without authority but not appealable, its validity may be tested when any attempt is made to punish appellants for failing to comply with its terms. (*Matter of Besch*, 202 N. Y. 552.)

These conclusions lead to the recommendation that the appeal be dismissed, with costs.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT, CHASE and COLLIN, JJ., concur.

Appeal dismissed.