ant Arbogast & Bastian Company a necessary party on the facts alleged by the plaintiff. See McCabe v. McCabe, 67 App. Div. 589, 73 N. Y. Supp. 852.

It follows therefore that the judgment should be affirmed, with costs. All concur.

---

### BREUCHARD et al. v. RUDIGER et al.    (No. 5745.)

(Supreme Court, Appellate Division, First Department. May 29, 1914.)

1. COURTS (§ 99*)—RULES OF DECISION—OPINION OF HIGHEST COURT—DICTUM.
   Where the Court of Appeals decided that a certain order from which an appeal had been taken was invalid, but dismissed the appeal because the order was not appealable, the decision as to the invalidity of the order was not obiter dictum and is binding upon the Appellate Division.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 340; Dec. Dig. § 99.*]

2. EXECUTION (§ 158*)—STAY—LIABILITY ON BOND—VOID ORDER.
   A bond given to-stay an execution of an order of the court subsequently held to be void is without consideration and creates no liability.
   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 442–459; Dec. Dig. § 158.*]

Appeal from Trial Term, New York County.

Action by Jules Breuchard and another, as administrators, against Eugene A. Rudiger and others. Judgment for the plaintiffs, and defendants appeal. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Charles A. Winter, of New York City, for appellants.
Charles Haldane, of New York City, for respondents.

McLAUGHLIN, J. Action upon a bond given to secure a stay of proceedings pending an appeal to enforce an order of the Appellate Division of the Second Department directing the payment of a sum of money. The answer alleges that the order, the proceedings under which were stayed, had been adjudicated to be invalid and void and that the execution of the bond was, by reason of that fact, without consideration. The court directed a verdict for the amount claimed in the complaint, and from the judgment entered thereon, and an order denying a motion for a new trial, defendants appeal.

There is little or no dispute as to the facts. In June, 1904, the defendants Rudiger brought an action in the Supreme Court against James S. Coleman, Jules Breuchard, and Bernard F. Coleman to recover, among other things, the possession of certain real estate called the Horton tract. Upon the trial the complaint was dismissed and judgment to that effect affirmed by the Appellate Division. 129 App. Div. 916, 114 N. Y. Supp. 689. On appeal to the Court of Appeals the order of the Appellate Division affirming the judgment was reversed and the judgment of the Special Term modified so as to direct "a reassignment of the contract * * * upon condition that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the plaintiffs reimburse the defendants for any payments they may have made upon the contract for that part of the Horton farm." 199 N. Y. 342, 92 N. E. 665. Intermediate the commencement of that action and the decision of the Court of Appeals, the contract for the purchase by the Coleman firm from the Rudigers of the Horton tract had been consummated, and the firm had paid to the Rudigers and Horton, on the option held by the Rudigers, the sum of $4,900, and had taken a deed of conveyance. Both parties moved at Special Term for judgment on the remittitur. The judgment entered directed the reconveyance by the firm to the Rudigers of the Horton tract within ten days and authorized the firm to retain the sum of $4,900, and certain interest out of the moneys in their hands belonging to the plaintiffs. The conveyance thus directed was made by the surviving members of the firm; James F. Coleman having, in the meantime, died. Upon appeal the Appellate Division directed that the judgment should be modified so as to conform to the determination of the Court of Appeals (148 App. Div. 682, 132 N. Y. Supp. 990), and judgment was entered accordingly. A motion was then made in the Appellate Division for an order directing the Rudigers to pay the sum which the Court of Appeals had determined they should pay as the condition of the reconveyance. The motion was granted and an order entered May 9, 1912, directing such payment, and further providing that, upon the failure of the Rudigers to make the payment directed within the time specified, the defendants in the action might apply to the Appellate Division or the Special Term to punish them for contempt.

Thereafter the Rudigers obtained an order to show cause why they should not have leave to appeal to the Court of Appeals from the order of May 9, 1912, directing the payment, which motion was denied on the ground that leave to appeal was unnecessary. A few days later, the Rudigers having failed and neglected to make the payment, defendants applied at Special Term to punish them for contempt. Thereupon the Rudigers obtained an order to show cause why they should not have a stay of execution of the order of May 9, 1912, pending the determination of the appeal. The motion to punish for contempt on the one hand, and for a stay on the other, were heard together and resulted in an order denying the motion for a stay "unless the plaintiffs, within ten days from the entry of this order, and service of a copy thereof upon their attorney, make, execute, and deliver to the defendants a good and sufficient bond or undertaking with a surety company as surety thereon in the sum of ten thousand dollars, conditioned for the payment to the defendants of the sum directed to be paid by said order of the Appellate Division, dated May 9, 1912, if upon their appeal from said order the same is affirmed or if their appeal therefrom is dismissed." In pursuance of this order the bond upon which a recovery is here sought was executed and delivered. Subsequently the appeal to the Court of Appeals was dismissed, with costs. Rudiger v. Coleman, 206 N. Y. 412, 99 N. E. 1049. Judge Hiscock delivered the opinion, in which the other members of the court concurred. He said, referring to the order: .

"This is denominated by their counsel an order for restitution under the Code (section 1323) to secure relief from the conveyance which they were compelled to make as above stated without payment to them of the appropriate sum. But the trouble is that the order cannot possibly be regarded as one for restitution. It did not require the plaintiffs to reconvey the lands, but required them under pain of contempt proceedings to pay to defendants the sum by way of reimbursement which they should have paid as a condition of receiving the conveyance. And this, too, was not ordered in the alternative that they either pay such sum or reconvey the land. This was not restitution. Plaintiffs undoubtedly could be compelled by proper action to pay this sum if they clung to the conveyance which under an improvident order they had improperly wrung from the defendants. But this relief could not be secured on an application for restitution or on any original motion before the Appellate Division of which we are aware. The order appealed from, therefore, was erroneous, but that does not necessarily entitle plaintiffs to succeed on this appeal, for at the outset they encounter the inquiry whether the order is appealable, and on that question we entertain views adverse to them. * * * Under this view the order being without authority, but not appealable, its validity may be tested when any attempt is made to punish appellants for failing to comply with its terms."

After the decision of the Court of Appeals, the Rudigers made a motion in the Appellate Division, predicated upon the language used by Judge Hiscock, to vacate the order of that court to stay the execution for which the bond now in suit had been given. The motion was denied, and thereupon the present action was brought.

[1] Whether the order of the Appellate Division last referred to was properly made is not for this court to determine. It is sufficient to say that such order, in our opinion, has no effect upon the question here presented. The Court of Appeals indicated, clearly, by the language used in the opinion of Judge Hiscock, that the order of May 9, 1912, was without authority, and that its validity might be tested if an attempt were made to enforce it. But it is urged by the respondents that so much of the opinion as discusses the invalidity of the order is obiter dictum and therefore not binding upon this court. This contention is plausible but not sound. While it is true that the question presented to the Court of Appeals was one of jurisdiction, it nevertheless is apparent that the order of May 9, 1912, was fully considered, and after such consideration the court determined that the same was invalid and then indicated what the Supreme Court should do if an attempt were made to enforce it. The legal effect of this order, as determined by the court of last resort, is binding upon this court.

[2] The bond in suit was given to stay the execution of a void order. A bond given under such circumstances cannot be enforced. Vose v. Cockcroft, 44 N. Y. 415; Cadwell v. Colgate, 7 Barb. 253; Shevlin v. Whelan, 41 Wis. 88; Ford v. Fuget, 29 Ind. 52; 4 Am. & Eng. Enc. of Law (2d Ed.) 674, and cases cited. The bond in suit having been given to prevent the enforcement of a void order, the consideration of the bond fails, and a recovery cannot be had upon it.

It follows that the judgment and order appealed from are reversed, with costs, and the complaint dismissed, with costs. All concur.